John D. Bennett, J.
In this probate proceeding the petitioner is the committee for the nominated executor and principal legatee, who is now an incompetent.
The petition alleges that there are no assets belonging to decedent because 11 Testatrix executed an inter vivos trust on December 3, 1965 divesting her estate of all assets.” Counsel for petitioner has orally stated that the sole reason for the probate proceeding is to have the executor execute the Federal estate tax return, form 706.
Section 2002 of the Internal Revenue Code (U. S. Code, tit. 26) imposes upon the executor the liability for payment of the Federal estate tax. Section 2203 of the Internal Revenue Code
*586 defines an executor in addition to an administrator as any person in actual or constructive possession of any property of the decedent. Regulation section 20.2203-1 (Code of Fed. Reg., tit. 26) specifically provides that where there is no executor or administrator appointed it means ‘ ‘ any person in actual or constructive possession of any property of the decedent. The term ‘ person in actual or constructive possession of any property of the decedent ’ includes, among others, the decedent’s agents and representatives; safe-deposit companies, warehouse companies, and other custodians of property in this country; brokers holding, as collateral, securities belonging to the decedent; and debtors of the decedent in this country.” See also Instructions for Form 706 (rev. Feb., 1974), paragraph 8, page 2 and paragraph 1050 of Commerce Clearing House, Federal Estate and Gift Tax Reporter. SCPA 2001 provides: “ "When used in this article the term fiduciary includes, where no fiduciary has been appointed, any person in actual or constructive possession of any property required to be included in the gross estate or the Hew York gross estate of the decedent as determined under article 10-c or article 26 of the tax law.” (L. 1966, ch. 953.) The trustee is the person responsible for the filing of both the Federal and Hew York estate tax returns.
It thus appears that the appointment of the petitioner as executor would saddle the estate of the incompetent with tax liability which properly should ¡be imposed upon the trustee of the inter vivos trust created by the decedent during her lifetime. Any information concerning the decedent’s assets and liabilities is clearly within the province of the trustee and not the petitioner.
There is no necessity for the probate of the will with the attendant expense in connection therewith including the appointment of a guardian ad litem to protect' the incompetent’s interest. There being no assets to administer, nor any necessity for the appointment of an executor, probate is denied.